151510 RFF Family Partnership, LP v. Stephen A. Ross, LLC Mr. Bransky. May it please the Court, Richard Bransky on behalf of RFF Family Partnership, LP. May I reserve two minutes for rebuttal, Your Honor? Yes, you may. The District Court committed error by judicially stopping RFF from claiming that the VD mortgage was invalid. There is no evidence to support either of the two fundamental elements for estoppel. RFF never took any contrary positions that were clearly or mutually exclusive, nor is there any evidence in the record that any court relied upon these clearly inconsistent positions. Rather, RFF has consistently maintained throughout all the litigation, throughout every pleading, throughout every complaint that it has filed, that the VD mortgage was invalid or that it had filed an action to invalidate the VD mortgage. Can I ask, as a practical matter, if the District Court were in error on the judicial estoppel and the statute of limitations and res judicata didn't save the day for them, and you could go back for a trial on this question of the validity of the mortgage, where then are we in this case? It's still in your interest to invalidate the first mortgage, to invalidate the restrictions imposed, and get clear title. You want to sell the property. Who then are you opposed to and what will happen? Well, I can answer that in two separate ways. First, Your Honor, I don't think you would need to remand it for a trial because Judge Gorton's finding actually found that the mortgage itself was invalid. In fact, he says, while soldier lacked authority to enter into the VD mortgage, RFF will be judicially estopped from denying its validity. Okay, so we not only reverse on his judicial estoppel finding, but we take him as having made a finding of fact that the mortgage was invalid? Yes. In fact, he goes on further to say, although it seems inevitable that the VD mortgage was in fact invalid. It seems, yes, it's not a finding. That's not quite a finding and this is on summary judgment. That's correct, Your Honor. So you're not really suggesting that the issue of the validity of the mortgage on remand would be foreclosed to litigation? Your Honor, I would be happy to go back to trial on the issue of the validity of the VD mortgage. And so your answer, Your Honor, would be we'd go back and try the validity. It's a fairly discrete issue. Right. Okay. And the answer is whatever it is and that determines your title in the property. That's correct. And that was really the reason we brought the action in the first place. Yes, you want clear titles so you can sell. Yes, both for the 2011 action and the subsequent 2014 action, we've been demanding this clear title. Okay. And there's been no representations to the contrary. If you look at Judge Gordon's decision, absent from the memorandum in order, is any specific representation made by VD, let's strike that, made by RFF, that the VD mortgage was in fact valid. He cites the various quote, unquote, related cases. But unlike the series of First Circuit cases that have upheld judicial estoppel, which they've identified with specificity, both the original representation and the inconsistent representation and a finding that they were clearly inconsistent, for example, in alternative resources where the court found there was an original representation in the pleading that the claim was limited and then subsequently an attempt to expand it on summary judgment. There's no such finding here. And absent from the record is any representation from RFF that that mortgage is indeed valid or, more compellingly, that the court relied on it. Now, the judge cites specifically, and I think this is an issue of law, whether a settlement agreement, in and of itself, is sufficient to establish judicial estoppel. And this court had previously dealt with that issue in Perry v. Blum. And in that case, the court made a fairly specific conclusion that a settlement agreement in and of itself is not a representation, nor can it be deemed as reliance or an acceptance of a particular position for the purposes of judicial estoppel. But aren't there representations on the record that simply refers to the BD mortgage as having a mortgage with priority without stating priority of record or alleged priority and so on? It's true that in those representations, RFF didn't say this undoubtedly valid BD mortgage has priority and so on. But neither in all of those representations did it simply say of record. So isn't it open to the judge to, in effect, to determine whether the representations which are on their face without qualification are, in fact, an assertion of an inconsistent position? Your Honor, first I would say that the case laws suggest otherwise, that they have to be clearly inconsistent, i.e. mutually exclusive. That was the alternate systems case. In other words, you're saying that in each case of the representation that the court relied upon, to justify that reliance, RFF would have to have said valid BD mortgage, something explicit like that? And, Your Honor, I guess what I'm trying to say is that your position? Yes, but more so how else would you express an encumbrance of record? As of record, it was recorded prior in time to all the other mortgages. Well, isn't the natural presumption in the absence of an explanation to the contrary that something which is on the record is a valid encumbrance? Don't we start with the assumption that recorded documents accomplish what they purport to accomplish? And isn't it, conversely, the burden to say only of record or allegedly or something like that to indicate an agreement, a disagreement, rather, with that normal assumption that what's there is what it purports to be? I think if you put our allegations in context, that's exactly what they say. You're right. It doesn't contain the specific hedging words, but each of those complaints that we filed and each of the pleadings that we filed all sought to discharge the BD mortgage because it was invalid. Indeed, Judge Billings' findings, which is the only judge that they've identified who has purportedly relied on these representations, made an explicit finding that we're entitled to the fees and costs associated with discharging the invalid BD mortgage. And if you read his decision, which is the only decision of record, he expressly finds and he makes the representation, quote-unquote, of record, meaning he understands that there's a challenge. In fact, his specific factual findings, he identifies the 2011 case, the federal district court case, in which RFF is actually seeking to invalidate the finding. And that motion dismissed was predicated, at least originally, by Burns and Levinson's claim that we had RFF had sustained no damage. And Judge Billings says, no, no, no. The fees that they are incurring to discharge this invalid or what they claim to be invalid BD mortgage are actually compensable and can satisfy fees. And that's why he denied the motion. There was no confusion that we were seeking or that we had claimed that that mortgage was invalid. And in all events, counsel, even if these descriptions were subject to the interpretation that Justice Souter suggests, isn't it significant that this issue was decided on summary judgment where the benefit of all reasonable inferences has to go to the non-moving? It is in our position that it should be. Yeah. Your argument is that the law in this area requires direct admissions. You may not imply, and on summary judgment, the argument that Justice Souter just made is not a permissible argument because it's drawing implications against you. That's right, Your Honor. All right. And then you've got your second tier argument that Judge Billings does not – his statement does not meet the second standard in any event that a court has relied on it. That's correct, Your Honor. All right. And then lastly, we talk about the settlement agreement, which I think we adequately addressed to the extent there's reliance on the settlement agreement, that that's insufficient either to constitute a representation because even Judge Gorton concedes that there was no representation made as to the substance of the settlement agreement at the time. And secondly, as to showing that a court may have adopted a specific position based on that representation. Your Honor, very briefly, I'd like to address the attorney's fees issue, which we claimed was an error of law to exclude the attorney's fees as damages. Is that error preserved? It seems to me you asked for judgment as a matter of law before the case was submitted to the jury, but in your 50-B motion afterwards you didn't include that ground. So I would think that it would be waived. Well, Your Honor, Judge Gorton actually, before we filed our 50-B motion, had specifically excluded the legal fees. I understand that, but you've still got to preserve an objection to that ruling. And I've looked in the record. It's not in your Rule 50-B motion filed post-trial, and I don't see anything in the record that indicates an objection to his jury instruction on damages. Indeed, to the contrary, you or some lawyer on your side reminded the judge at that point not to send to the jury the two exhibits that quantified the attorney's fees. That's true, Your Honor, but we had previously briefed the judge. I know you briefed it, but the rule says that you've got to preserve it at the time of the charge of the jury instruction. But wouldn't it be perfunctory even though the judge had already ruled as a matter of law? It's not clear. Yeah. The judge had already ruled as a matter of law that the attorney's fees were quantified. This is one of these traps for the unwary. We'll take a look at the record and determine whether you fell into the trap or you didn't. Lastly, Your Honor, the only thing we would discuss is the 93-A portion of our claim, which I think is an issue of relative first impression for this court as to whether the lodestar method should have been applied or not. The case law, as opposed to the lithicum standard, which Judge Gordon admittedly applied, there is no – Judge Gordon relies on a Judge Gertner decision. If that Judge Gertner decision cites to no SJC or First Circuit case law expressly adopting the more flexible approach, it doesn't appear that the SJC has directly addressed this issue. The few citations to the SJC have all been in other statutory contexts, so as a discrimination context. The appeals court, the Commonwealth of Massachusetts, has addressed the issue several times, all of which endorsing this lodestar approach but reconciling the lodestar approach with the lithicum factors. And there is a footnote, at least in one of the cases, which says, you know, basically this is how you should approach it. You should apply the more objective lodestar approach using the lithicum factors as the ability to deduct or increase as the judge sees fit. Thank you. It pleases the Court. Michael Bonner on behalf of Link Development. The issue with respect to Link is whether Judge Gordon abused his discretion when he applied the judicial estoppel doctrine. No, that's not the issue at all. Abusive discretion is the standard of review after trial on judicial estoppel. The standard of review on a motion for summary judgment is de novo. I think it was handled in the alternative systems concepts case, Your Honor, in which the Court determined that it was an abusive discretion standard. Abusive discretion normally governs the issue, but summary judgment rulings are reviewed de novo. And in any event, even on abusive discretion, an error of law is always an abuse of discretion, a material error of law. So you've got to have some evidence of a contradictory statement that was relied on by some other court. And I haven't found that in your brief. Well, Your Honor, I think in this case there is a contradictory statement in the fact that the RFF and BD Lending reported the matter settled. There was one issue that was in dispute on count one in the 2011 case. It was a declaratory judgment action to determine whether the BD Lending mortgage was valid, and that was resolved when RFF and BD Lending reported the matter settled. Right. Judge Gordon. Yes, but it didn't say what had been settled and what had simply been put aside, nor did the Court approve the settlement in any way. So if you're relying on the settlement agreement rather than the state court action. I'm relying on several factors. I think the most telling is the settlement agreement because I believe in the, again, the Alternative Systems Concepts case, the Court said, while holding a litigant to his stated intention not to pursue certain claims is different from the classic case of judicial estoppel, such inconsistencies may present an even stronger argument than do the classic cases for application of the document. It may, but take a look at what you've got here. You've got a settlement of the claims. A settlement by definition indicates that there's been a compromise on the issue of validity at best. It's not an indication that the parties agree that the mortgage is valid or invalid. Secondly, you've got no judicial reliance. All that Judge Gordon cared about at that point was that the case was settled. He didn't care who had admitted what. It made no difference to him. What made a difference to him or any other judge was that the case was settled. So there's no reliance by the Court on the validity of the mortgage. And, Your Honor, I believe that's why the Court, this Court, and, again, back to the Alternative Systems Concepts case, relies on the abuse of discretion standard. And that case was summary judgment as well. And, essentially, you need to look to see what was before Judge Gordon when he made the determination that. . . the profound judicial estoppel did, in fact, understand the settlement that way. But it's sort of murky. Well, there were other factors that were before him. And what he was looking at was whether the litigants were playing fast and loose with the Court. And, essentially, he's looking at it. . . He has an intimate knowledge of the case at bar. There are several factors he considered. And it was his subjective determination as to whether the litigants were playing fast and loose with the Court. This Court has said that. . . Your brother has said, look, our consistent objective has been to get clear title. We've never taken any other position. And now we're being accused of doing something inconsistent with our interests all along in this matter. Well, the inconsistent positions would be that they, again, they settled the case. But they also took positions in the Massachusetts Superior Court. Yes, but Tom Billings, the judge in that case, made explicit statements that work against you. The judge also relied on the fact that the damages that RFF were seeking was not just the attorney's fees. It would be the amount to pay off the senior lien, which I think is inconsistent with the position. You're talking about Judge Billings? Judge Billings, yes. Judge Billings said outright that he wasn't relying on the fact that the mortgage was valid or any representation that it was valid. He did say that. That's absolutely correct. So what better evidence can you have of non-reliance than what the judge at the time of the decision says? The allegations that were in front of him to survive the motion to dismiss included the damage component, which was an allegation that they would need the funds sufficient to pay off the senior mortgage that Burns and Levinson apparently didn't notice or pay off. But isn't the proper criterion for interpreting that just what my two colleagues mentioned? Instead of arguing about how explicit it should be, if there's any question, the presumption goes or the benefit of the doubt goes in favor of the non-moving party. And why doesn't that take care of the issue? I go back to the abuse of discretion standard in which when you're applying judicial estoppel, when Judge Gordon was applying judicial estoppel, he's the one who's intimately familiar with the case, the litigants, the lawyers involved. And the case law says that it's the trial court judge who draws upon his firsthand observations of the lawyers and their litigation strategies. It's very fact-specific. For us to look at a cold appellate record and say, where does it specifically state that RFF said the mortgage was invalid? That is the law. He doesn't get to change the law because it's an abuse of discretion standard of review. I don't think he was changing the law. I think he was reviewing all the facts that were in front of him. The factors included a settlement agreement between RFF and BD Lending, a settlement agreement between BD Lending and Link, which the parties predicated the settlement on the validity of the mortgage. They could have reached a different settlement in which they said the mortgage is void. Instead, it was the mortgage will stay as a matter of record, tied on the title, and will be discharged only upon payment. Counsel, what is it, half a million dollars at stake here, roughly? The mortgage itself, I believe, is $700,000. Okay. Has this case been through the CAMP program? Not that I'm aware of, but I was not trial counsel. Our civil appeal management program with Judge King. It has been. It has been. Okay. Okay. Anything else, counsel? Sorry. Not unless this Court has any further questions. Thank you. Good morning, Your Honors. My name is Arnold Cohen, and I represent the defendant appellee, Stephen Ross, individually as trustee of the B.D. Lending Trust. I'm going to address the issues that were raised by my brothers on the argument. As far as Judge Gorton's decision on the motion for attorney's fees under Chapter 93A, there's no conflict or dispute about whether the lodestar method should be applied in the federal courts. I mean, 93A is a state court statute. But that's not the argument that the appellant is making. The appellant is saying that under Massachusetts state law, the lodestar approach is the proper approach and that this multifactorial approach, the so-called linsicum factors, ought to be used only in explication of the lodestar, not in place of it. That's the argument that's being made. Yeah, if that's his argument, I would submit the argument is wrong. The linsicum case is the case, the SJC case, that explains the factors that apply. There's five different criteria, including one of them being the results obtained by the plaintiff. Judge Gorton characterized it. It was a pyrrhic victory, the $1 of the images. Judge Gorton applied all of those five criteria. The cases say that in applying those criteria, it's largely, if not almost totally, up to the discretion of the trial judge. Really, it has to be a pretty severe mistake to overturn it, I would submit. Was there a problem with the documentation of the fees? Well, that was one of the reasons. You know, there was another case that I think is an important decision, dealing with the attorney's fees, is the Twin Fires case, which is another SJC case where the SJC characterized the legal bills that were submitted as being a data dump, which Judge Gorton analogized to the legal bills submitted in this case. They weren't broken down as to each of the tasks or the successful or unsuccessful motions that they had brought. A lot of it was blacked out, especially the bills related to the trial. So that was a factor that the judge took into consideration in his decision. And the Twin Fires case specifically says that the court isn't required to go through each bill and each item. And Judge Gorton, very careful decision and a reasoned decision. We have to pay almost $50,000 in attorney's fees, and we actually appealed ourselves, but decided to withdraw our appeal because we felt that we would be wasting our time, that his decision was sound, and we didn't want to incur the expenses involved in that. And here you are. You know, as far as the legal bills being an element of damages in their Count II contract claim, which is a claim solely against the trust, not against Mr. Ross individually, the procedural issue about Rule 50 that Judge Selya brought up, that was something that we raised in our brief, and I would submit that they didn't raise it at all in the 50B motion, and so they're precluded at this point. Well, they may not be if they've preserved an objection to the jury instructions. That remains to be checked. Okay. Now, just getting it so I'm prepared to go a little bit into the substance of it, you know, this is a claim that's characterized as a breach of contract claim, and there can be all kinds of contracts. And so the argument is that the American rule doesn't apply here because it was the contract in question was an agreement to settle a lawsuit. And the only authority that they have to support that, and I would think that this is an issue that is not such a rare and unheard of occurrence throughout the 50 United States courts and the federal courts. The only cases they came up with are a couple of Ohio unpublished intermediate court decisions, and then one federal court that wasn't published in the Federal Reporter that followed those two Ohio decisions. No Massachusetts case law on that point. No case law cited from anywhere else in the United States on that point. We think that this is an issue that would have come up. You know, you can make the argument, the same argument, about any breach of contract, that because one party is breached. You can't because the difference, and I think this is their point here, is it's one thing to say the American rule applies when there is simply one contract action. A sues B because B didn't perform. But when A and B then make a further agreement to settle that, and B reneges or A reneges for that matter, you've not got a mere contract claim. You've got a contract claim to enforce an earlier contract. And is it clear that the American rule would apply in this second case, in which the entire contract action, i.e. enforcing the settlement, is necessitated only, in effect, by either the refusal, good or bad faith refusal, to perform an agreement to settle the first contract action? It's got to stop somewhere, doesn't it? Well, again, there's no Massachusetts law that would be making this. There may be none, but what do you say on the merits? Isn't there a strong equitable argument for saying that the American rule does not apply to a contract action which is brought to enforce an earlier contract, i.e., in this case, the settlement? Well, it's lots of contracts. Every contract that's entered into resolves parties who have different interests. And the purpose of the contract is to resolve the differences, whether it's a settlement agreement or whether it's any other type of contract, even a lease. The tenant doesn't want to have to pay higher rent, and the landlord wants to get as much rent as possible. So, in a sense, because of the agreement, they don't have to try the whole issue over again. The only issue here is whether or not we perform the contract, which is a very simple thing. But every agreement has that common thread to it that that's the purpose of the agreement, so that people have an agreement, and if somebody breaches it, then they have to incur attorney's fees. Was there anything in that settlement agreement that allocated attorney's fees if one had to sue for enforcement of the agreement? No, there was nothing in it, Your Honor. So that's part of your answer, the parties could have put that language in? You could do that. You know, there was supposed to be a formal written embodiment of that settlement agreement, and the record will show that even though they settled it in the beginning of November, I mean, RFF didn't send the draft until the next year in February. In that agreement, they could have done that quicker. They could have put that language in that agreement. And, you know, by that time, it was learned that Link had gone and recorded that assignment. So that term certainly could have been included in it, Your Honor. Okay. Thank you. Thank you. I believe it was two minutes. Yes, Your Honor, but I won't use it all. I just want to address your last issue to the extent it's at all relevant. There was never an opportunity to negotiate the terms of the contract. There was oral representation back and forth, and I think the record accurately depicts this, which is even why it's more compelling to impose sort of this, and I think we've reconciled it with the American rule, the compensatory damages that we're seeking in the form of attorney's fees for the breach of the settlement agreement. There was no negotiation of any specific terms. It was never a signing. That's why there were the series of motions to compel compliance. Did you make this equitable argument to Judge Gordon? That's correct, Your Honor. You did. Yes, we made it in a series of motions. At first he raised the issue at trial, and he asked us to brief it. It's in the record. Then we briefed it. We identified all the Sixth Circuit cases that we relied on. Then it came up again in a 50A motion. He then denied it, and he also denied it. It was, I think, in the charge conference he found that he was not going to vary from the American rule, and he specifically excluded the attorney's fees. Thank you. Thank you.